JOHN ROSACCI, ADMINISTRATOR AD PROSEQUENDUM OF CONROY RANDO, DECEASED, AND JOHN ROSACCI, GENERAL ADMINISTRATOR OF THE ESTATE OF CONROY RANDO, DECEASED, PLAINTIFF-APPELLANT, v. UNITED STATES PIPE AND FOUNDRY COMPANY, DEFENDANT-RESPONDENT.

Submitted May 26, 1939—Decided October 16, 1939.

For the plaintiff-appellant, *Irvin M. Lichtenstein, John R. DiMona* and *George G. Tartar.*

For the defendant-respondent, *John A. Hartpence, Thorn Lord* and *Mark Townsend.*

The opinion of the court was delivered by

BODINE, J. The appeal in this case is from a judgment of nonsuit at the close of the plaintiff's case. The action was brought by the administrator *ad prosequendum* of the deceased under the Death act and also as his general administrator. There was evidence for the jury tending to show that the deceased, a young and vigorous man, died of silicosis poisoning. The building in which he worked was a wooden structure with a dirt floor. No provision whatever was made for ventilating the same nor were there any exhaust fans. He had been in the defendant's employ for sometime and was engaged in rendering services in connction with the lining of pipes with a mixture of cement and sand. The mixing machine, from which the concrete to be placed in the pipes was made, was in the building where he worked, and the proofs indicate that the place of work was excessively dusty. Both the cement and sand were there sieved before being placed in the mixer and the air containing a concentrate of dangerous dust was ever present.

The basis of the action was the failure of the employer to use reasonable care to provide the deceased with a reasonably safe place in which to perform his work, and in the failure to give him warning of latent danger. Death from silicosis caused by dust laden air in the place of work is a well recog-

nized fact. Proofs of the failure to make any reasonable provision for the protection of workmen in such dangerous places and the failure to exercise any care whatsoever to eliminate the danger so far as reasonably practical presented a question for the jury's determination. Under such circumstances the granting of a nonsuit was error. *Davis* v. *New Jersey Zinc Co.*, 116 *N. J. L.* 103.

*R. S.* 34:6-48 also provides as follows: "Every employer shall, without cost to his employes, provide reasonably effective devices, means and methods to prevent the contraction by them of any illness or disease incident to the work or process in which they are engaged." This is no more than a restatement of the common law requirements.

The judgment is reversed, with costs.

*For affirmance*—PARKER, CASE, PORTER, HETFIELD, WELLS, HAGUE, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.